UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHE L. ROMERO, | ) | 1:11-cv—02022-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS BROUGHT |
| | ) | PURSUANT TO 28 U.S.C. § 2241 |
| v. | ) | (Doc. 1) |
| | ) | |
| H. RIOS, Warden, | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |
| Respondent. | ) | |
| | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CLOSE THE CASE |

Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on December 27, 2011 (doc. 3). Pending before the Court is the petition, which was filed on December 7, 2011.

I. Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to

1

proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).  Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner is an inmate of the United States Penitentiary at Atwater, California (USPA) who challenges his sentence of seventy-two (72) months imposed in case number 05-cr-00368-JRT-FLN-3 on March 14, 2007, and amended on November 20,

2008, by the United States District Court for the District of Minnesota upon Petitioner's conviction of aiding and abetting arson, possession of a firearm, illegal manufacture of a firearm, and possession of a firearm without a serial number.  (Pet. 2.) Petitioner raises two grounds in the petition: 1) Petitioner is entitled to relief with respect to the restitution ordered by the sentencing court because his co-defendant received such relief in an appeal brought by the co-defendant; and 2) the sentence of seventy-two months imposed on Petitioner increased his overall prison stay by five years, which was contrary to the plea agreement for fifteen years that Petitioner entered into in the sentencing court.  (Id. at 3.)

Petitioner admits that both issues he raises are reviewable only by the District Court, and not by the Bureau of Prisons (BOP).  (Pet. 3.)

II.  Analysis

A federal prisoner who wishes to challenge his conviction or sentence on the grounds it was imposed in violation of the Constitution or laws of the United States or was otherwise subject to collateral attack must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  28 U.S.C. § 2255; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In such cases, the motion must be filed in the district where the defendant was sentenced because only the sentencing court has jurisdiction.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.  Generally, a prisoner may not collaterally attack a federal conviction or

3

sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006);  Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show that the remedy available under § 2255 is "inadequate or ineffective to test the legality of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, in the Ninth Circuit it is recognized that the exception is narrow.  Id; Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Aronson v. May, 85 S.Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (noting that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); see, United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315

F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet his burden to demonstrate that the § 2255 remedy is inadequate or ineffective, then the § 2241 petition will be dismissed for lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003).

In this case, Petitioner challenges the underlying sentence imposed on him because of the sentencing court's choice of term and its determination of the amount of restitution Petitioner was ordered to pay. Because Petitioner is alleging errors in his sentence, and not errors in the administration of his sentence, the Court concludes that Petitioner is not entitled to relief under § 2241.

In addition, Petitioner makes no claim that § 2255 is inadequate or ineffective. Should the Petitioner wish to pursue his claims in federal court, he must do so by way of a motion to vacate or set aside pursuant to 28 U.S.C. § 2255.[1]

The Court concludes that the petition must be dismissed for lack of jurisdiction.

III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a proceeding under section 2255. 28 U.S.C. § 2253(c)(1)(B); Hohn v. United States, 524 U.S. 236, 239-40 (1998). Appeal from a proceeding that is nominally undertaken pursuant to 28 U.S.C. § 2241, but which is really a successive

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where the petitioner was originally sentenced.* In this case, Petitioner challenges convictions and sentences adjudicated in the United States District Court for the District of Minnesota.

application under § 2255, requires a certificate of appealability. Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001). The Court will therefore consider whether to issue a certificate of appealability.

It appears from the face of Petitioner's § 2241 petition that Petitioner is raising claims attacking only the legality of his sentence, and not the execution of his sentence.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v.

6

1  Cockrell, 537 U.S. at 338.

2      A district court must issue or deny a certificate of
3  appealability when it enters a final order adverse to the
4  applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

5      Here, it does not appear that reasonable jurists could
6  debate whether the petition should have been resolved in a
7  different manner.  Petitioner has not made a substantial showing
8  of the denial of a constitutional right or other basis for relief
9  pursuant to § 2241.

10     Accordingly, the Court will decline to issue a certificate
11 of appealability.

12     IV.   Disposition

13     Accordingly, it is ORDERED that:

14     1)  The petition for writ of habeas corpus is DISMISSED for
15 lack of jurisdiction because the petition does not allege grounds
16 that would entitle Petitioner to relief under 28 U.S.C. § 2241;
17 and

18     2)  The Court DECLINES to issue a certificate of
19 appealability; and

20     3) The Clerk is DIRECTED to close the action because this
21 order terminates the proceeding in its entirety.

23 IT IS SO ORDERED.

24 **Dated:   January 17, 2012**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE